UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

STEVEN WATSON,

        Plaintiff,

     -vs-

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

        Defendant.

———————————————————————

**14-CV-390**
**DECISION AND**
**ORDER**

## I.    Introduction

Plaintiff Steven Watson ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security ("Commissioner" or "defendant"), improperly denied his applications for disability insurance benefits ("DIB") and disabled widower's benefits ("DWB"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On February 16, 2017, Magistrate Judge Michael J. Roemer issued a Report and Recommendation ("R&R") (Docket No. 16), with which the parties' familiarity is assumed, recommending that plaintiff's motion be denied in part and granted in part, that defendant's motion be denied, and that the case be remanded to the Commissioner for further administrative proceedings. As discussed further below, the Court agrees with Judge Roemer's findings and adopts the Report and Recommendation in its entirety.

## II.  Discussion

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  When no objections or only general objections are made, the district judge reviews the report and recommendation for clear error or manifest injustice. *E.g., DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). After conducting the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In this case, neither party has filed any objections to Judge Roemer's R&R.  As a result, the Court reviews the R&R only for clear error.

Plaintiff filed his applications for DIB and DWB on July 14, 2011. Administrative Transcript ("T.") 194-207. Plaintiff alleged that he became disabled on December 26, 2007, as a result of back problems, leg problems, shoulder problems, depression, and anxiety. *Id*.  Plaintiff's applications were denied on October 6, 2011. T. 117-124.  At plaintiff's request, Administrative Law Judge ("ALJ") Marilyn D. Zahm  conducted a hearing on October 19, 2012, during which she took testimony from plaintiff and Vocational Expert Jay A. Steinbrenner.  T. 67-108.  At the hearing, plaintiff amended the alleged onset fate of his disability to January 1,

-2-

2009.   T. 41.   The ALJ subsequently issued a decision denying plaintiff's claim for benefits.   T. 41-58.   On April 17, 2014, the Appeals Council denied plaintiff's request for review, making the ALJ's determination the Commissioner's final decision.   T. 1-4. Plaintiff then commenced this action.

Plaintiff argues in his motion for judgment on the pleadings that the ALJ violated the treating physician rule by affording limited weight to Dr. Kowalski's opinion that plaintiff could stand and walk for less than two hours per day, that the ALJ's determination that plaintiff is capable of light work was not supported by substantial evidence, and that the ALJ did not properly assess plaintiff's credibility or give adequate consideration to his positive work history.   Judge Roemer considered each of these arguments in the R&R and found the following: (1)the ALJ did not violate the treating physician rule; (2)the ALJ's determination that plaintiff is capable of light work was not supported by substantial evidence because she made no finding as to how much plaintiff could stand or walk at one time or total over the course of an eight hour work day, and because additional development of the record is necessary as to this point; and (3)the Court need not reach plaintiff's arguments regarding credibility/work history, but the Commissioner should be instructed on remand to reconsider these findings in light of the record as a whole.   Judge Roemer's findings are well-supported by the record and applicable law.   Having found no error in the R&R, clear or otherwise, the Court adopts it in its entirety.

## III. Conclusion

For the reasons set forth in Judge Roemer's thorough and well-reasoned R&R, the undersigned adopts all of his conclusions. The R&R (Docket No. 16) is hereby adopted in its entirety. The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied, plaintiff's motion for judgment on the pleadings (Docket No. 7) is denied in part and granted in part, and the case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and the R&R. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

**s/Michael A. Telesca**

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     March 22, 2017
           Rochester, New York